# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Brittany Perkins<br>Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| vs. | )<br>)<br>) Case No.<br>) 1:23-cv-00275-TFM-N<br>) |
| CREDIT CONTROL<br>SERVICES<br>Defendant, | )<br>)<br>)<br>) |

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

### INTRODUCTION

Plaintiff Brittany Perkins ("Plaintiff"), a consumer, filed this civil action against Defendant Credit Control Services for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. On August 6, 2023, Defendant filed an Answer [4] that denied many of the Plaintiff's allegations and asserted four (4) affirmative defenses. See Doc [4] at (4 -5).

1

The specific subject affirmative defenses in Defendant's Answer [4] that Plaintiff contends are insufficient, frivolous, vague, conclusory, and without factual basis are, respectively:

I. Defendant affirmatively pleads, CCS denies that Plaintiff has advanced a viable FDCPA claim against CCS and denies that Plaintiff is entitled to any recovery against CCS. A factual basis for these conclusory allegations is demanded of Plaintiff.

II. Defendant affirmatively pleads, CCS denies the allegations in this paragraph as they consist of questions of law. CCS refers all questions of law to the Court. CCS further denies these allegations because CCS does not transact business in the State of Alabama, except and exclusively through means of interstate commerce.

III. Defendant affirmatively pleads, CCS lacks sufficient knowledge or information to form a belief as to whether Plaintiff's valid and delinquent debt obligation, in the amount of $67.29, owed by Plaintiff to The General Insurance Company, was incurred for personal, family or household purposes, and, therefore, denies these allegations.

In light of the foregoing insufficient affirmative defenses filed by Defendant, Plaintiff files this Motion to Strike Affirmative Defenses.

## II. ISSUE

The issue is whether Defendant's 4 affirmative defenses are insufficient.

## III. RULE

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

## IV. ARGUMENT

A. DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN LEGALLY INSUFFICIENT UNDER RULE 12(f).

Plaintiff requests this Court to strike the Defendant's four (4) affirmative defenses as insufficient, frivolous, vague, conclusory, and without factual basis under Rule 12(f) of the Federal Rules of Civil Procedure. Defendant's affirmative defenses are merely boilerplate recitations that are so vague that they do not provide fair notice and significantly hinder Plaintiff's ability to narrowly tailor discovery or adequately prepare for trial in this case. Therefore, this Court should strike the Defendant's 4 affirmative defenses. This Court is faced with the following issues: (1) Whether Twombly's plausibility standard should apply to the affirmative defenses pled by Defendant; and (2) Are

Defendant's four (4) affirmative defenses insufficient so as to warrant striking those purported defenses under Fed. R. Civ. P. 12(f)?

1. Defendant's boilerplate four (4) affirmative defenses are devoid of facts and insufficient under the Twombly standard for pleadings.

The United States Supreme Court established new pleading standards in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). These cases require plaintiffs to not only provide fair notice of their claims but also plead sufficient facts that show that the right to relief is plausible. Ashcroft, 556 U.S. at 663; Twombly, 550 U.S. at 555-56. Mere formulaic recitations of the elements of a claim for relief or "unadorned, the defendant-harmed-me allegations," or allegations that only state "labels and conclusions" or "naked assertions" "devoid of further factual enhancement" do not meet the pleading standards for a complaint. Twombly, 550 U.S. at 555-57. Although the Eleventh Circuit Court has not resolved this issue, the vast majority of courts addressing this issue have held that Twombly's plausibility standard applies to affirmative defenses.

In Kleppinger, for example, the defendant asserted numerous affirmative defenses simply by listing the names of the defenses. Kleppinger v. Texas DOT, 2012 U.S. Dist. LEXIS 198322 (S.D. Tex. August 10, 2012). The Court concluded "to plead an affirmative defense sufficiently, a defendant must plead only enough facts to state an affirmative defense that is plausible on its face."

Id. at 15. In other words, "if an affirmative defense gives fair notice of the defense by alleging sufficient facts to be plausible, then the motion to strike is futile." Id.

a. Holding defendants and plaintiffs to the same Twombly pleading standard promotes fairness amongst the parties.

It is inequitable to hold Plaintiffs to a higher pleading standard than Defendants. Just as a Defendant faced with a conclusory, vague, or factually deficient complaint, a Plaintiff should not have to respond to and prepare discovery for defenses that lack factual support.

In U.S. v. Quadrini, the District Court reasoned that the same pleading standards must apply to Defendants and Plaintiffs alike. United States v. Quadrini, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007). In Quadrini, the Defendant pleaded eight affirmative defenses in one sentence by naming each defense in succession. Id. at 5. "[O]therwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 12, and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge." Id. at 11-12. Therefore, "[l]ike the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success." Id at 12.

2. Twombly's interpretation of Rule 8(a)(2) applies to affirmative defenses

under Rule 8(b).

Rule 8(a)(2) requires that Plaintiffs plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Similarly, Rule 8(b) requires that defendants "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. Pro. 8(b)(1)(A). Both subsections of Rule 8 require a "short and plain" statement in the pleading of claims and affirmative defenses. Further, "under Rule 8(c), a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." Joe Hand Promotions, Inc. v. Izalco, Inc., No. H-16-3696, 2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017) (Miller, J.)

## V. CONCLUSION

Wherefore, Plaintiff prays that pursuant to Fed. R. Civ. P. 12(f), this Court enters an order striking Defendant's four (4) affirmative defenses, and grant such further relief that this Honorable Court deems just and proper.

Respectfully submitted,
Dated: ~~August 25, 2023~~ September 1, 2023

*Brittany Perkins*
251-447-5540

Brittany Perkins
Pro Se Plaintiff
540 Ramona St.
Prichard Al, 36610
Classicconsumers444@gmail.com

7